# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

CARY ELLIS MALONE                 CIVIL ACTION NO. 17-CV-1025

VS.                                     SECTION P

                                             JUDGE ROBERT G. JAMES

LA DEPT. OF SAFETY & CORRECTIONS, ET AL      MAGISTRATE JUDGE HAYES

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on August 11, 2017, by *pro se* plaintiff Cary Ellis Malone. Plaintiff brings the instant suit against the Louisiana Department of Probation and Parole, Debra Bradford and Holly Chambers Jones. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**

### *Background*

Plaintiff was placed on probation for five years on July 14, 2009, in the Fourth Judicial District Court, Docket Number 08-F1745. [Rec. Doc. 1, p.7] He was subsequently arrested on June 14, 2013, for domestic abuse battery and child endangerment, for which he pled guilty in a "fabricated" guilty plea on August 27, 2013. *Id.* On March 11, 2015, a probation review hearing was held wherein discussions were held on the record regarding plaintiff's probation and time served since June 14, 2013. [Rec. Doc. 1-2, pp. 8-15] Apparently, plaintiff's probation was never revoked when he was arrested in 2013. It was determined at that time that in order for him to receive credit for time served from June 14, 2013, he would have to state on the record that his probation was revoked. *Id.* at 9. He did so. *Id.* at 11. Plaintiff now contends that the March 2015 hearing and the

actions of the defendants violated his constitutional rights. He further contends that it is the reason why probation agents maintain custody of plaintiff today, without due process of law. [Rec. Doc. 1, p. 9]

### Law and Analysis

### 1. Preliminary Screening

Plaintiff is not a prisoner; however, he is proceeding in forma pauperis. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." *Balistreri-Amrhein v. Verrilli*, 2017 U.S. Dist. LEXIS 25914 (E.D. Tex. Feb. 24, 2017) (citing 28 U.S.C. § 1915(e)(2)(B)); see *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Kenechukwu v. Holder*, No. 9:15-CV-62, 2016 U.S. Dist. LEXIS 95247, 2016 WL 3961714, at *1-2 (E.D. Tex. June 10, 2016, report and recommendation adopted, 2016 U.S. Dist. LEXIS 95064, 2016 WL 3926576 (E.D. Tex. July 21, 2016). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.* (quoting *Siglar*, 112 F.3d at 193; see *Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in *in forma pauperis* complaints). Although courts construe pro se filings liberally in this context, see, e.g., *Flanagan v. LaGrone*, No. 9:16-CV-59-MHS, 2016 U.S. Dist. LEXIS 102633, 2016 WL 4163557, at *1 (E.D. Tex. July 6, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 102159, 2016 WL 4140751 (E.D. Tex. Aug. 3, 2016), dismissal is appropriate where the claims have no chance of success, cf. *Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based

upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.* (citing *Kenechukwu*, 2016 U.S. Dist. LEXIS 95247, 2016 WL 3961714, at *1-2 (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (applying Section 1915 to non-prisoner pro se litigant)); see, e.g., *Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *Walters v. Scott*, No. H-14-1637, 2014 U.S. Dist. LEXIS 159190, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) ("Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases."); *Sanchez v. Waguespack*, No. 09-6130, 2010 U.S. Dist. LEXIS 41553, 2010 WL 1727836, at *2 (E.D. La. Mar. 31, 2010) (same); *Hamilton v. Landmark of Richardson*, No. 3-02-CV-2681-K, 2002 U.S. Dist. LEXIS 24583, 2003 WL 131722, at *1 n.1 (N.D. Tex. Jan. 8, 2003) (same); *Haqq v. Tex. Dep't of Hum. Servs.,* No. EP-07-CA-0156-FM, 2007 U.S. Dist. LEXIS 50229, 2007 WL 1958611, at *1 (W.D. Tex. June 29, 2007) ("Section 1915(e)(2)(B) applies to both prisoner and non-prisoner in forma pauperis cases."); cf. *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997) (interpreting Section 1915 and determining sections using either or both nouns "persons" and "prisoners" applied to non-prisoners and prisoners, while sections using only noun "prisoner" applied only to prisoners); 28 U.S.C. § 1915(e)(1)-(2) (using the term "person," not "prisoner")). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike. Accordingly, this Court has performed an initial review of the allegations.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## 2. Heck v. Humphrey

To the extent that plaintiff seeks monetary damages based on the probation revocation, his claim fails. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a favorable ruling on the 42 U.S.C. §1983 claim would call into question the validity of the judgment that revoked Plaintiff's probation. *Heck* is applicable to §1983 claims that challenge revocation proceedings. See *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he was improperly confined, he has no damages claim against any defendant cognizable under section 1983. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994)(a claim under §1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.) The thrust of *Heck* is to bar civil actions which, if decided favorably to the plaintiff, would necessarily imply the invalidity of the prior conviction or sentence. *Samuels v. Deville*, 2005 U.S. Dist. LEXIS 37442, 2005 WL 2106159 (W.D. La. Aug. 11, 2005). As such, his claims for damages are frivolous. See

*Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(a "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.")

Accordingly, plaintiff's request for production of documents by the Louisiana Department of Probation and Parole is also denied.

Therefore, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** (to their being asserted again until the *Heck v. Humphrey* conditions are met) as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 25, 2017.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**